NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*Harlin DeWayne Hale*

Signed November 19, 2008                 **United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARY MORRIS | § | Case No. 07-34947 HDH-13 |
| | § | |
| Debtor | § | |

| | | |
|---|---|---|
| MARY MORRIS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Adversary No. 08-3038 |
| | § | |
| CYNTHIA ALLEN | § | |
| | § | |
| Defendant | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of Fact

1.  Mary Morris ("Debtor" or "Plaintiff") filed a Chapter 7 petition on October 5, 2007, and failed to list her creditors as required by law. The case was subsequently converted to a Chapter 13 case.

2.  At a state court hearing in a hotly contested domestic relations dispute with her ex-husband ("Mr. Morris"), shortly after the bankruptcy petition was filed, neither Debtor, nor her attorney, notified the state court or the parties of Debtor's bankruptcy filing. Much of the chaos and expense which ensued thereafter could have been avoided by proper notice in the bankruptcy petition and by notifying the state court, and parties to that action, via a suggestion of bankruptcy.

3.  In November 2007, the parties to the state court action had notice of the bankruptcy petition. However, Mr. Morris and his state court attorney continued to proceed in a court hearing as well as to file pleadings with the state court seeking a monetary judgment against Debtor. *See*, Debtor's Exhibit 6.

4.  The stay was modified to allow limited relief to Mr. Morris. Debtor's Exhibit 9. The stay was not modified for Mr. Morris' state court attorney.

5.  After the stay was modified, Mr. Morris and his attorney proceeded in state court well beyond the relief allowed by this Court's order, seeking, *inter alia*, the enforcement of a judgment, a lien on real property, and a charge against Debtor's wages. Debtor's Exhibits 8 and 12.

6.  The automatic stay was violated both before and after this Court entered its order granting Mr. Morris limited relief.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 2**

<u>Conclusions of Law</u>

1. The automatic stay prohibits the commencement or continuation of judicial proceedings against the Debtor without permission of the bankruptcy court. *See*, Bankruptcy Code § 362(a).

2. An individual debtor, such as the present Debtor, may recover actual damages, including costs and attorneys fees, and in appropriate circumstances, punitive damages for a willful violation of the automatic stay. *See*, Bankruptcy Code § 362(k).

3. There are three elements for a claim under Section 362(k): (1) The actor must have known of the existence of the stay; (2) The acts must have been intentional; and (3) The acts must have violated the stay. *In re Repine*, 536 F.3d 512 (5th Cir. 2008); *In re Chestnut*, 422 F.3d 298, 302 (5th Cir. 2005)

4. Actions taken by Mr. Morris and his attorney before and after the stay was modified violated Bankruptcy Code Section 362. Such violations include: proceeding in state court without this Court's modification of the stay; filing pleadings in state court before the modification of the stay; and, seeking liens, turnover, and a charge against Debtor's post-petition wages, after this Court granted limited relief. In addition, Mr. Morris' former bankruptcy counsel, Ms. Shilling, argued in state court that the state court could incarcerate Debtor. Such argument is surprising and incorrect. The stay was not modified to allow Mr. Morris to seek incarceration of Debtor. Mr. Morris and his state court attorney testified that they did not intend to violate the stay. Mr. Morris and his state court attorney were aware of the bankruptcy case and the stay. They acted against the Debtor without Court permission.

Then, after this Court's limited relief, chose a rather aggressive path against the Debtor and her assets. Their testimony on intent did not convince this Court.

5. Once a party becomes aware of the bankruptcy case, and thus, the automatic stay, actions taken in violation of the stay are willful.

6. By continuing to file pleadings and take part in hearings after the case was filed, and by filing pleadings and taking actions well beyond the relief granted by this Court in the order modifying stay, Mr. Morris and his state court counsel's actions were willful.

7. The remedies provided by Section 362(k) provide this Court with some discretion.

8. The Debtor could have avoided many of the problems created by the stay violations by listing creditors in the first place, and by promptly notifying the state court and the parties of her bankruptcy filing.

9. Debtor did not put on credible evidence of lost wages or emotional distress damages.

10. Debtor's state court attorney established attorney's fees for that action.

11. Debtor also has suffered actual damages in the form of attorney's fees in this Court, and costs for transcripts offered into evidence.

12. Debtor's counsel shall file a simple fee application, including the costs of transcripts of the state court hearings, within ten days. Any party in interest may object to same within seven days. This Court reserves the right to rule on the request for fees and expenses without a hearing.

13. In addition, given the public nature of the stay violation, some form of punitive remedy may be in order if the amounts, after they are determined, are not promptly tendered.

###END OF FINDINGS AND CONCLUSIONS###